UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-044 (RHK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDING OF PROBABLE CAUSE |
| v. | ) | AND ORDER OF DETENTION |
| | ) | |
| CHRISTOPHER JAMES LUSSIER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on June 27, 2006 for a Preliminary Revocation Hearing and a Detention Hearing. The United States was represented by Assistant United States Attorney William H. Koch, and the defendant was represented by Andrea K. George. The defendant was present.

Background

In determining whether there are conditions of release that will reasonable assure the appearance of the person as required, and the safety of any other person and the community, the Court is to take into account and weigh the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the accused, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, the nature and seriousness of the danger to any person or the community that would be posed by the accused's release. 18 U.S.C. §3142(g); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Detention may be based upon a showing of either dangerousness or risk of flight. A finding that each is present is not essential to a determination for detention. *United States v. Cantu*, 935 F.2d 950, 951 (8th Cir. 1991); *United States v. Sazenski*, 806 F.2d 846, 868 (8th Cir. 1986), but cf., *United States v. Orta*, 760 F.2d 887, 891 n. 19 (8th Cir. 1985) (question expressly left open).

A defendant will be detained, pending a final detention hearing or trial, only if the Government demonstrates, by clear and convincing evidence, that no release condition, or set of conditions, will reasonably assure the safety of a person or the community-at-large or, by a preponderance of the evidence, that there are not condition which will reasonably assure the defendant's appearance. *United States v. Salerno*, 481 U.S. 739, 754 (1987); *United States v. Abad*, 350 F.3d at 797; *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)

Under Rule 32.1(a)(6), Federal Rules of Criminal Procedure, "[t]he burden of establishing that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

<u>Discussion</u>

The defense waived the preliminary hearing. Based upon all the records in this case, the Court finds there is probable cause to believe the defendant committed the violations alleged in the petition: (1) the defendant illegally possessed a controlled substance (marijuana) as determine through a positive urinalysis; (2) the defendant failed to report to his probation officer and provide a truthful and complete written report with the first five days of each month for the months of April and May; (3) the defendant failed to notify his probation officer ten days prior to his change in residence (from his mother's house to being homeless) or employment (termination of employment with the Red Lake Chemical Health Program; starting employment

as a logger); and (4) the defendant failed to report for drug testing on April 19, April 26, May 10, May 17 and May 24.

Based upon the evidence presented at the hearing pertaining to detention, the Court finds by clear and convincing evidence that the defendant presents an unreasonable risk of endangerment to the community and an unreasonable risk of flight, which cannot be reasonably controlled by any condition, or set of condition, for his release.

Although the defendant testified he felt he is no longer going to use illegal drugs, he acknowledged he has used drugs since he was about 11, or a period of twelve years. He also acknowledged he had last used drugs a few weeks ago, and that he has not undergone any treatment or counseling in the interim. The defendant claims his concern regarding the possible penalties now facing him, combined with the fact that he now has a 5-month old child with another on the way, will enable him to stop his drug use. This belief, no matter how sincerely held by the defendant, cannot undo the defendant's past history of drug use – and his inability to stop using illegal drugs in various levels of supervised settings, including various levels of treatment at the North Winds Halfway House (out-patient, in-patient, and community confinement). In addition to the defendant's drug use, his record on supervision also shows instances of alcohol use, contrary to his conditions of supervised release. And he has had other difficulties since his release from prison – he has been charged with assaulting two individuals on the Red Lake Indian Reservation and was fired from his job at the Red Lake tribal grocery store for threatening one of his coworkers. There was an additional altercation at the mall in Bemidji that did not result in any criminal charges.

The defendant further testified that he believed he should be permitted to live in the home of either of two relatives (and their families), or a halfway house. Yet, the defendant has been repeatedly unable to

conform his conduct to that required by the law and the conditions of his supervised release in much more structured settings. The defendant asserts his current difficulties are largely driven by his being homeless with his wife and infant daughter, and his desire to be independent. He claims he is now motivated enough to take advantage of the two familial options that were arguable earlier available. But the Court does not believe placement with the identified family members would ensure the defendant's later appearance. Nor does the Court believe placement in a halfway house would ensure the defendant's future appearance, or provide adequate safeguards with regard to the safety of the public. The defendant has failed to report to his probation officer, he has failed to report to work, he has failed to report for drug testing, and he has failed to even notify his probation officer of his changes in both living situation and employment. Additionally, albeit 18 months ago, the defendant absconded from Centre, Inc., a halfway house in Fargo, North Dakota, to Kansas in September 2004. All sorts and manner of conditions and supervision have been attempted in the past, without having an appreciable impact on the defendant's conduct.

Based upon the above findings, the defendant is committed to the custody of the United States Marshal Service pending his Revocation Hearing.

NOW, THEREFORE, It is --

ORDERED:

1. That, having found probable cause that the defendant committed the violations charged in the Petition which led to the defendant's arrest, the Court holds the defendant to answer to those charges at a Revocation Hearing, pursuant to Rule 32.1(b)(2), Federal Rules of Criminal Procedure, to be scheduled before the District Court. Defense Counsel is directed to coordinate the scheduling of the hearing with Judge Kyle's chambers.

2. That the Motion of the United States for Detention Without Bail is GRANTED.

3. That the defendant is committed to the custody of the Attorney General or that person's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. That the defendant be afforded a reasonable opportunity for private consultation with defense counsel.

5. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: June 29, 2006

s/Jeanne J. Graham
The Honorable Jeanne J. Graham
United States Magistrate Judge